| Respond to Selected Documents

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**03/19/2026**

> **Judge Assigned**
> DIV 9
> **Pet Filed in Circuit Ct**
> Petition for Damages.
> > **Filed By:** JAMES LOOBY MILLER
> > **On Behalf Of:** ENIS MEHMEDOVIC, ZERINA MEHMEDOVIC
> **Filing Info Sheet eFiling**
>
> > **Filed By:** JAMES LOOBY MILLER

**03/23/2026**

> **Summ Issd- Circ Pers Serv O/S**
> Document ID: 26-SMOS-723, for BARNICK, ROBERT Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/26/2026**

> **Summ Issd- Circ Pers Serv O/S**
> Document ID: 26-SMOS-741, for MIDWEST LOGISTICS SYSTEMS LTD. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/16/2026**

> **Summons Personally Served**
> Document ID - 26-SMOS-723; Served To - ROBERT BARNICK; Served Date - 04/01/2026; Served Time - 11:29:02; Service Type - SD; Reason Description - SERV; Service Text -
> **Notice of Service**
> Notice of Service - Robert Barnick.
> > **Filed By:** JAMES LOOBY MILLER
> > **On Behalf Of:** ENIS MEHMEDOVIC, ZERINA MEHMEDOVIC

EXHIBIT 1

**26SL-CC02605**

Electronically Filed - St Louis County - March 19, 2026 - 11:22 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| ENIS MEHMEDOVIC, <br><br> and <br><br> ZERINA MEHMEDOVIC, <br><br>     Plaintiffs, <br><br> v. <br><br> MIDWEST LOGISTICS SYSTEMS LTD., <br> **Serve At:** <br> C T Corporation System, Registered Agent <br> 4400 Easton Commons Way, Suite 125 <br> Columbus, OH 43219 <br><br> and <br><br> ROBERT BARNICK, <br> **Serve At:** <br> 3 County Road 00 N <br> Teutopolis, IL 62467 <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. <br><br> **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiffs Enis Mehmedovic and Zerina Mehmedovic (hereinafter "Plaintiffs"), by and through counsel, and for their cause of action against Defendants Midwest Logistics Systems Ltd. (hereinafter individually as "Defendant Midwest Logistics" or collectively as "Defendants") and Robert Barnick (hereinafter individually as "Defendant Barnick" or collectively as "Defendants"), state as follows:

## PARTIES

1.	At all times relevant herein, Plaintiffs were and are citizens and residents of the State of Missouri.

1

Electronically Filed - St. Louis County - March 19, 2026 - 11:22 PM

2.     At all times relevant herein, Defendant Midwest Logistics was and is an Ohio corporation with its principal place of business located at 8779 State Route 703, Celina, Ohio 45822.

3.     At all times relevant herein, Defendant Barnick was and is a citizen and resident of the State of Illinois.

4.     At all times relevant herein, Defendant Barnick was acting within the course and scope of his employment, agency, and/or business relationship with Defendant Midwest Logistics at the time of the collision alleged herein.

## VENUE AND PERSONAL JURISDICTION

5.     Venue is proper in the Circuit Court of St. Louis County, Missouri, pursuant to Missouri Revised Statute § 508.010 because Plaintiffs were first injured in St. Louis County, Missouri.

6.     Personal jurisdiction is proper over Defendants in the State of Missouri pursuant to Missouri Revised Statute § 506.500 because Defendants committed the tortious acts alleged herein in Missouri and caused injury to Plaintiffs in Missouri.

## FACTUAL ALLEGATIONS

7.     On or about October 17, 2024, Plaintiffs were traveling westbound on Interstate 255 near the Jefferson Barracks Bridge in St. Louis County, Missouri.

8.     Plaintiff Enis Mehmedovic was the restrained driver of a 2018 Mazda CX-9, and Plaintiff Zerina Mehmedovic was the restrained front-seat passenger in that vehicle.

9.     At the same time and location, Defendant Barnick was operating a 2022 Volvo VNL tractor-trailer (hereinafter "tractor-trailer"), which was owned, leased, and/or operated by Defendant Midwest Logistics and entrusted to Defendant Barnick for operation.

Electronically Filed - St Louis County - March 19, 2026 - 11:22 PM

10. Immediately prior to the collision, Plaintiffs' vehicle experienced a mechanical issue and slowed while traveling in the right lane of Interstate 255 with its hazard lights activated.

11. Defendant Barnick approached Plaintiffs' vehicle from the rear while operating the tractor-trailer.

12. Plaintiffs' vehicle was visible and there to be seen by Defendant Barnick in the exercise of the highest degree of care.

13. Defendant Barnick failed to maintain a careful and proper lookout and failed to operate the tractor-trailer with the highest degree of care.

14. Defendant Barnick failed to apply his brakes or change lanes to avoid striking Plaintiffs' vehicle.

15. The front of Defendant Barnick's tractor-trailer struck the rear of Plaintiffs' vehicle, causing Plaintiffs' vehicle to spin and strike the concrete traffic barrier.

16. Defendant Barnick's tractor-trailer then traveled off the roadway and struck the concrete traffic barrier.

17. As a direct and proximate result of the collision, Plaintiffs sustained serious and permanent injuries to their bodies.

18. As a direct and proximate result of the collision, Plaintiffs have incurred and will continue to incur reasonable and necessary medical expenses for past, present, and future medical care and treatment.

## COUNT I-NEGLIGENCE

COMES NOW Plaintiffs, and for Count I of their Petition against Defendants, state as follows:

Electronically Filed - St Louis County - March 19, 2026 - 11:22 PM

19.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20.     At all times relevant herein, Defendant Barnick owed Plaintiffs a duty to operate the tractor-trailer with the highest degree of care so as to not injure, maim, or harm Plaintiffs.

21.     Defendant Barnick breached the aforesaid duty and negligently and carelessly caused the subject collision in one or more of the following respects:

   a. Failed to keep a vigilant, careful, and proper lookout for vehicles upon the roadway ahead;

   b. Operated the tractor-trailer at a speed greater than was reasonable and prudent under the circumstances so as to prevent him from stopping or otherwise avoiding a collision with traffic ahead;

   c. Failed to timely brake, swerve, stop, slacken speed, or otherwise take effective evasive action to avoid the collision;

   d. Failed to maintain a safe and sufficient following distance between the tractor-trailer he was operating and Plaintiffs' vehicle;

   e. Caused the front of the tractor-trailer he was operating to strike the rear of Plaintiffs' vehicle;

   f. Failed to operate the tractor-trailer in a careful and prudent manner under the circumstances; and

   g. Committed such other acts and omissions as may be shown by the evidence and discovery in this matter.

22.     At all times relevant herein, Defendant Barnick was acting within the course and scope of his employment, agency, and/or business relationship with Defendant Midwest Logistics,

Electronically Filed - St Louis County - March 19, 2026 - 11:22 PM

and Defendant Midwest Logistics is therefore liable for Defendant Barnick's negligence under the doctrine of *respondeat superior*.

23.    As a direct and proximate result of Defendant Barnick's negligence, Plaintiffs sustained the following injuries and damages:

    a.   Severe and permanent injuries to Plaintiff Enis Mehmedovic's head, neck, back, left shoulder, right knee, and body as a whole, requiring medical care and treatment in the past, present, and future;

    b.   Severe and permanent injuries to Plaintiff Zerina Mehmedovic's neck, back, chest, ribs, and body as whole, requiring medical care and treatment in the past, present, and future;

    c.   Loss of enjoyment of life;

    d.   Inconvenience; and

    e.   Pain and suffering.

24.    As a direct and proximate result of the collision, Plaintiffs have suffered painful, permanent, and disabling injuries.

25.    As a direct and proximate result of the negligence of Defendant Barnick as described above, Plaintiffs have endured and will continue to endure substantial pain and suffering.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, in a sum in excess of Twenty-Five Thousand Dollars ($25,000), exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, and for such other relief as this Court deems just and proper under the circumstances.

**COUNT II-VICARIOUS LIABILITY AGAINST DEFENDANT MIDWEST LOGISTICS**

Electronically Filed - St Louis County - March 19, 2026 - 11:22 PM

COMES NOW Plaintiffs, and for Count II of their Petition against Defendant Midwest Logistics, state as follows:

26.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27.    At the time of the collision, Defendant Barnick was acting within the course and scope of his employment, agency, and/or business relationship with Defendant Midwest Logistics while operating the tractor-trailer described above.

28.    At all times relevant herein, Defendant Barnick was operating the tractor-trailer for the benefit of Defendant Midwest Logistics and subject to the direction and control of Defendant Midwest Logistics.

29.    As a result of the foregoing, Defendant Midwest Logistics is vicariously liable for the negligence of Defendant Barnick under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for judgment against Defendant Midwest Logistics in an amount in excess of Twenty-Five Thousand Dollars ($25,000), exclusive of costs and interest, as is fair and reasonable to compensate Plaintiffs for their injuries, and for such other relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

MILLER & HINE, LLC

/s/ Jimmy Miller
JIMMY MILLER #67234
8764 Manchester Rd, Suite 204
St. Louis, MO 63144
O: 314-413-2053
F: 314-833-4058
E: jmiller@millerandhinelaw.com

6



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  26SL-CC02605 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ENIS MEHMEDOVIC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES LOOBY MILLER<br>8764 MANCHESTER RD<br>SUITE 204<br>ST LOUIS, MO  63144 | |
| Defendant/Respondent:<br>MIDWEST LOGISTICS SYSTEMS LTD. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

**The State of Missouri to**: ROBERT BARNICK
              **Alias:**

**3 COUNTY ROAD 00 N**
**TEUTOPOLIS, IL  62467**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

|  23-MAR-2026  | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC02605

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is _____ of _____ County, _____ (state).

3.  I have served the above Summons by: (check one)

    ☐  delivering a copy of the summons and petition to the defendant/respondent.

    ☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

    defendant/respondent with _____, a person at least 18 years of age

    residing therein.

    ☐  (for service on a corporation) delivering a copy of the summons and petition to:

    _____ (name) _____(title).

    ☐  other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____          _____
    Printed Name of Officer or Server              Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) _____ (month), _____ (year).

I am: (check one)  ☐  the clerk of the court of which affiant is an officer.

☐  the judge of the court of which affiant is an officer.

☐  authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

*(Seal)*

☐  authorized to administer oaths. (use for court-appointed server)

_____
            Signature and Title

**Service Fees**

Summons    $_____
Non Est      $_____
Mileage      $_____ (_____ miles @ $._____ per mile)
**Total**        **$_____**

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 26-SMOS-723**  2  of 3  26SL-CC02605      SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 26SL-CC02605

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number:  26SL-CC02605 |
| Plaintiff/Petitioner:<br>ENIS MEHMEDOVIC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES LOOBY MILLER<br>8764 MANCHESTER RD<br>SUITE 204<br>ST LOUIS, MO  63144 |
| Defendant/Respondent:<br>MIDWEST LOGISTICS SYSTEMS LTD.<br><br>Nature of Suit:<br>CC Pers Injury-Vehicular | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

(Date File Stamp for Return)

**The State of Missouri to**:  **MIDWEST LOGISTICS SYSTEMS LTD.**
**Alias:**

**CT CORPORATION SYSTEM,**
**REG AGT**
**4400 EASTON COMMONS**
**WAY**
**SUITE 125**
**COLUMBUS, OH  43219**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**

**ST. LOUIS COUNTY**

| 26-MAR-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

Case Number: 26SL-CC02605

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is _____ of _____ County, _____ (state).

3.  I have served the above Summons by: (check one)

☐  delivering a copy of the summons and petition to the defendant/respondent.

☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____(title).

☐  other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____     _____
Printed Name of Officer or Server                Signature of Officer or Server

**Subscribed and sworn to** before me this ____ (day) _____ (month), _____ (year).

I am: (check one) ☐  the clerk of the court of which affiant is an officer.

☐  the judge of the court of which affiant is an officer.

☐  authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

☐  authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**

Summons     $_____

Non Est       $_____

Mileage       $_____ (_____ miles @ $._____ per mile)

**Total          $_____**

See the following page for directions to officer making return on service of summons.

SJRC (12-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 26-SMOS-741**  2  of  3  26SL-CC02605          SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Case Number: 26SL-CC02605

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County

Civil Department

105 South Central Avenue, Clayton, MO 63105

Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.

Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

CUMBERLAND CO.SHERIFF        PROCESS SERVERS WORKSHEET        03/27/2026     3:04:41PM

Electronically Filed - ST LOUIS COUNTY - April 16, 2026 - 01:13 PM

### ENIS MEHMEDOVIC AND ZERINA MEHMEDOVIC
### vs.  MIDWEST LOGISTICS SYSTEMS LTD.

Case #  000000002239          Docket #  26SL-CC02605          Process #  000000001643

Date Received:    03/27/2026                    Serve by:

**Service Types**

SUMMONS & PETITION    You're summoned to appear/file pleading to pettition w/court in St. Louis County, MO within 30 days

**Instructions**

**Service Party:**  BARNICK, ROBERT

Sex:      Race:      DOB:        Height:      Weight:      Hair:      Eye:

**SMTs:**

**Addresses:**   3  COUNTY ROAD 00N                    TEUTOPOLIS IL 62467

**Phone #:**

**Employers:**
                          From:            To:

**Vehicle:**   Year    Make-Model                    Style
          License Plate    State    Type                Exp
          Color              Capacity
          Vin
          Description

**Hazards:**
**Service Attempts:**

| Attempted Date | Attempted Time | Service Code | Location | Officer |
|---|---|---|---|---|

**Service:**

Name:  Barnick, Robert       Relationship:  In Person

Location:  3 County Road 00N

**Information:**

Copy _____  Mileage _____  Misc ___ Served ___  $58.00

Dated this  1  day of  April , 20 26      /1870
                                Deputy Sheriff

Time: 1:04 pm.

Page    1