**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

|                                          |     |                        |
| ---------------------------------------- | --- | ---------------------- |
|                                          | **)** |                      |
| ENIS MEHMEDOVIC and                      | **)** |                      |
| ZERINA MEHMEDOVIC,                       | **)** |                      |
|                                          | **)** |                      |
| *Plaintiffs,*                            | **)** |                      |
|                                          | **)** |                      |
| v.                                       | **)** | No. 4:26-cv-00634-JMD |
|                                          | **)** |                      |
| MIDWEST LOGISTICS SYSTEMS, LTD.          | **)** |                      |
| and ROBERT BARNICK,                      | **)** |                      |
|                                          | **)** |                      |
| *Defendants.*                            | **)** |                      |

**CASE MANAGEMENT ORDER AND ORDER SETTING FORTH TRIAL**
**PROCEDURES IN CIVIL CASES**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, the following schedule shall apply in this case and will be modified only upon a showing of exceptional circumstances.  The parties shall also review the Civil Trial Procedures contained in this Order on the pages after Judge Divine's signature.  Failure to comply with any part of this Order may lead to sanctions.

**Scheduling Plan**

1.  This case has been assigned to **Track 3**.

2.  All motions for joinder of additional parties or amendment of pleadings shall be filed by **February 12, 2027**.  Motions for leave to amend must be accompanied by the proposed amended pleading.

3.  Disclosure shall proceed in the following manner:

    a.  The parties shall make all required disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by **August 5, 2026.**

    b.  The plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **April 2, 2027**, and shall make expert witnesses available for depositions and have depositions completed by **May 14, 2027**.

    c.  The defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., by **June 11, 2027**, and

1

shall make expert witnesses available for depositions and have depositions completed by **July 9, 2027**.

    d. The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

    e. The parties anticipate requests for physical or mental examinations of parties under Rule 35, Fed. R. Civ. P. If so, requests for physical or mental examinations of parties under Rule 35, Fed. R. Civ. P., must be made by **April 2, 2027**, and any exam must be completed by **May 14, 2027**.

    f. The parties shall complete all discovery by **July 16, 2027**.

    g. Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above and only in accordance with the undersigned Judge's Requirements.

4. This case shall be referred to alternative dispute resolution on **May 14, 2027**, and that reference shall terminate on **June 25, 2027**.

5. Any motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings must be filed by **July 30, 2027**. Opposition briefs shall be filed by **August 20, 2027**. Any reply brief may be filed by **September 3, 2027**. Within **10 days** after briefing on a summary judgment motion is complete, the parties must file a joint statement of uncontested facts.

6. Any motions under *Daubert* shall be filed by **July 30, 2027**.

7. This action is set for a jury trial on **January 24, 2028**, at **9:00 a.m.** This is a **3**-week docket.  Trial is expected to last **5** days.

8. The parties shall include any additional deadlines or special circumstances in an appendix attached to this document.  If any deadline in paragraphs one through seven is not applicable or needs clarification, the parties shall leave that entry blank and note it in the appendix.  The parties have not included an appendix.

Dated this 22nd day of July , 2026

**IT IS HEREBY ORDERED**.

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

### Civil Trial Procedures

The Court orders the parties to review and comply with the undersigned's Judge's Requirements, located on the Eastern District of Missouri's court website. Judge Divine periodically updates his Judge's Requirements, and the parties must ensure that they are complying with the most recent version before filing any document. Failure to comply with the requirements may lead to "sanction[s] or other disadvantage." Fed. R. Civ. P. 83(b). The Court further orders the parties to comply with the following procedures and requirements:

### I. Trial schedule

If a trial is scheduled, the Court will announce times for starting and adjourning the trial day at the start of trial. Court will begin promptly, and the jury will not be kept waiting. The Court will be available to resolve preliminary matters 15 minutes before the scheduled start of the trial day, during the lunch break, or at the conclusion of the trial day. But the Court will not waste trial time and jury time. In particular, the Court warns counsel not to raise preliminary matters at the start of the trial day when the jury and all others are ready to proceed.

Unless otherwise ordered, **all civil trials are assigned to a 3-week docket**, and the trial will begin at some period in the three weeks following the first day of that docket. The parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours' notice.

Cases settled after prospective jurors report to the courthouse may be assessed costs of the prospective jurors under Local Rule 8.04.

### II. Stipulations

**No later than 10 days before trial**, the parties must file: (1) a joint stipulation of all uncontested facts, which may be read into evidence; and (2) a joint brief summary of the case, not to exceed one page in length, which the Court may use during voir dire.

### III. Jury selection

The Court will conduct voir dire. The Court will ask standard voir dire questions. The Court will then permit counsel for each party no more than 20 minutes to ask questions after the Court concludes its questioning.

**No later than 7 days before trial**, the parties must file any specific questions the parties would like the Court to ask the venire. The Court may, in its discretion, decline to consider any questions submitted less than seven days before trial.

Panel members may answer questions involving sensitive information (such as those related to medical problems, excuses, past criminal record, experiences as a victim of crime, etc.) at sidebar. At that time, counsel may pose brief follow-up questions to those asked by the Court.

After the Court completes voir dire, the Court will excuse the jurors before hearing argument from counsel on strikes for cause or otherwise.

## IV. Motions in limine

The Court encourages motions in limine only with respect to legal matters that the parties reasonably expect to arise during trial.  The parties must file such motions in limine **no later than 10 days before trial**.  The Court will consider motions in limine filed less than 10 days before trial only upon a showing for good cause.  Responses to any motions in limine are due **no later than 7 days before trial**.

Each party must file all its motions in limine in one document, and each party must file all its responses in one document.  Each party must file a response to each motion in limine of the other party, stating whether it opposes or consents to the motion.

## V. Illustrative aids and demonstrative evidence

A. **No later than 14 days before trial**, the parties must file a list of all illustrative aids and demonstrative evidence that they intend to use at trial, as governed by Federal Rule of Evidence 107.  Further, **no later than 10 days before trial**, the parties must exchange all illustrative aids and demonstrative evidence.

B. **No later than 10 days before trial**, the parties must file any objections to such illustrative aids and demonstrative evidence.  Before filing any objections, the parties must meet and confer and attempt to resolve any issue regarding the illustrative aids and demonstrative evidence.  Any filed objection must state how and when the parties conferred and attempted to resolve the dispute without judicial involvement.

C. **No later than 7 days before trial**, the parties must file a response to such objections.  The parties may not file any replies without leave of court.

## VI. Exhibit lists

A. Counsel must mark all exhibits in advance of trial and submit a written list containing a brief description of each exhibit.  All parties must use numbers for exhibits.  The plaintiff must number its exhibits beginning with the number 1.  The defendant must number its exhibits beginning with the number 1000.

B. **No later than 10 days before trial**, the parties must file a list of exhibits, identifying those that the party will introduce into evidence and those that may be introduced.  The list must clearly indicate for each business record

whether the proponent seeks to authenticate the business record by affidavit or declaration under Federal Rule of Evidence 902(11) or 902(12).

C. **No later than 10 days before trial**, each party must separately submit (to the clerk listed on the docket) the party's exhibits, or true copies thereof, that the party expects to introduce at trial.

D. **No later than 7 days before trial**, the parties must file any objections. Before filing any objections, the parties must meet and confer and attempt to resolve any issue. Any objections not made may be considered waived.

E. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted in compliance with this Order.

## VII. Depositions, interrogatory answers, and requests for admissions

A. **No later than 10 days before trial**, the parties must deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. Parties should designate only what they reasonably expect to need during trial and should not overdesignate.

B. **No later than 7 days before trial**, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

C. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

## VIII. Trial brief

**No later than 10 days before trial**, each party must submit a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems that need to be decided.

## IX. Witness list

Counsel must deliver to opposing counsel each evening, before 7:00 p.m. CT (and preferably earlier) a list of witnesses that counsel anticipates calling the next trial day. The Court strongly encourages the parties to produce all materials at the earliest opportunity, especially if the materials are particularly voluminous for a witness. Nevertheless, the Court understands that the parties will not be absolutely bound by the list in calling its witnesses. For example, security concerns may well justify non-identification of witnesses until a party actually calls them at trial. In such cases, parties may exclude those names from disclosures

to opposing counsel and bring these concerns to the Court's attention in camera when delivering the witness list.

The parties must file potential witness lists **no later than 10 days before trial**. Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

## X. 404(b) evidence

If a party expects to introduce 404(b) evidence, it must file notice of its intention to do so **no later than 7 days before trial**.  The notice must include a brief summary of the proposed evidence, identifying the specific elements of 404(b) under which it intends to introduce such evidence, and the proposed jury instruction to be read before the introduction of any such evidence.

## XI. Jury instructions

A. **No later than 30 days before trial**, parties must submit to opposing counsel their proposed jury instructions and forms of verdict, reserving the right to submit requests for additional or modified jury instructions and verdict forms in light of the opposing party's requests for jury instructions.  The parties must support each request with at least one pertinent citation.

B. **No later than 20 days before trial**, the parties must meet and confer to discuss jury instructions and the verdict form(s).  During the meet and confer, the parties must attempt to resolve any issue(s) with jury and objections to instructions and the verdict form(s).  The parties must issue a joint status report to the Court about their progress conferring about jury instructions.

C. **No later than 10 days before trial**, the parties must jointly file a single document that (1) identifies the final jury instructions they have agreed upon and (2) identifies the final jury instructions that remain in dispute.  The document must also contain the proposed verdict form(s).  Parties must support each request by at least one pertinent citation.

D. **No later than 10 days before trial**, the parties must file a clean copy of all proposed jury instructions and verdict form(s) (even if there are objections).  In the clean copy, the instructions must be in the order that the parties propose giving them to the jury, and the clean copy must contain only "Instruction No. _____" at the top with no further explanatory comments at the top or bottom of the page.  The parties must also email that clean copy to the case's assigned clerk.  The parties must also email one jointly filed document, in Microsoft Word format, to the clerk assigned to your case.

   1. The parties need not submit any jury instructions to be given at the beginning of trial; Judge Divine has his own standard set.  Further, Judge Divine will use applicable Eighth Circuit Jury Instructions. When an Eighth Circuit instruction is not available, the parties must

submit instructions from another source, accompanied by legal authority on which the party bases the instruction.

2.  If the final jury instructions and verdict form remain in dispute, the parties must include each party's position, along with citations of authority, in the jointly filed document.  Any objection to a jury instruction or verdict form must include the objecting party's proposed alternative.  For example, if a party objects to certain language, the objecting party must propose specific alternative language.  The objecting party need not propose an alternative instruction if the party is objecting on grounds that the Court should not give the jury instruction at all.

3.  If one or more parties seek to amend the jointly filed final jury instructions, the parties must jointly file a motion for leave to amend that is accompanied by (1) a clean copy of the amended version of the final jury instructions and (2) the amended version with all changes tracked for comparison with the original filing.  The requirements discussed above apply to the amended version as well.  The parties must email the clean copy and the tracked-changes copy, in Microsoft Word format, to the clerk assigned to your case.

4.  The parties are responsible for **filing** any proposed instructions, and objections to instructions, that they wish to be part of the record in the case.  Emailing the clerk assigned to your case is **not** sufficient to make any proposed instructions or objections part of the record.

### XII. Audio and video recordings to be used at trial

If any party intends to use audio or video recordings in this case, counsel for both sides must resolve any dispute between any alleged inaccuracy of the transcripts and the actual recordings.  If it proves impossible for counsel to resolve the dispute, they must so advise the Court **at least 7 days before trial** to avoid confronting the Court with this problem mid-trial and causing delay and expense to the parties and the Court.

### XIII. Evidentiary objections

**PARTIES MUST NOT ARGUE EVIDENTIARY OBJECTIONS IN THE PRESENCE OF THE JURY, ALTHOUGH COUNSEL MAY STATE A ONE-WORD OR ONE-PHRASE GROUND.**  Counsel must state the legal basis for their objections in a word or, at most, a phrase without elaboration or argument (unless called to the bench).  The Court discourages bench conferences during trial.

If counsel wishes to make a further record of the basis for any rulings during trial, whether on objections or otherwise, counsel must ask the Court to do so at the first recess immediately following the ruling.

## XIV. Direct and cross-examination

On direct or cross-examination of a witness, counsel must not:

    A.  be allowed re-cross-examination of any witness, except that the Court may allow re-cross only if something new is brought out on redirect;

    B.  testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence;

    C.  use an objection as an opportunity to argue or make a speech in the presence of the jury;

    D.  refer to any witness qualified under Federal Rule of Evidence 701 or 702 as an "expert"; or

    E.  offer gratuitous comments and asides about witnesses' testimony or opposing counsel.

## XV. Opening statements and closing arguments

Unless otherwise ordered, the Court allows no more than 20 minutes per side for opening statements and 20 minutes per side for closing arguments. On both opening statements and closing arguments, the Court will intervene *sua sponte* and not wait for objections if it observes the failure to adhere to basic legal principles. The Court will limit counsels' closing arguments to the evidence presented during trial. The Court reminds counsel of the prohibition against appealing to the passions or prejudices of jurors. Moreover, during closing arguments and throughout the trial, counsel must not:

    A.  make statements of personal belief to the jury or express belief in the credibility of any witness;

    B.  make personal attacks on other counsel in the case;

    C.  appeal to the self-interest of the jurors; or

    D.  make racial, political, or religious comments.

## XVI. Contact with non-party witnesses during trial

Except by leave of court, counsel calling a witness to testify should have no further discussions with that witness after the witness has been tendered for cross-examination until the witness has been tendered back for redirect examination. This applies to discussions concerning the case or any aspect of the testimony. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.